## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRY SMITH, III,                                    Civil Action No.

       Plaintiff,

   v.

ISG PLATE INC.; CLEVELAND-CLIFFS
PLATE LLC; and JOHN DOE 1-10,

       Defendants.

## NOTICE OF REMOVAL

NOW COMES Defendant, Cleveland-Cliffs Plate LLC, f/k/a ISG Plate Inc. ("Cliffs Plate"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and files this Notice of Removal to remove this case to the United States District Court for the Eastern District of Pennsylvania, and in support thereof sets forth the following grounds:

### I.    INTRODUCTION

1.    On or about January 29, 2026, Plaintiff Harry Smith, III ("Plaintiff") initiated this personal injury action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, naming Cliffs Plate and John Doe 1-10 as Defendants (the "State Court Action"). True and correct copies of the docket and copies of all process, pleadings, and orders served upon Cliffs Plate in the State Court Action are attached hereto as **Exhibit "A."**

2.    Plaintiff's Complaint was filed with the Court of Common Pleas of Philadelphia County, Pennsylvania at Case No. 260104033. *See* **Exhibit A**.

3.    On March 11, 2026, Counsel for Cliffs Plate accepted service of the Complaint on behalf of Cliffs Plate. A copy of the Acceptance of Service is attached hereto as **Exhibit "B."**

1

287197291

4.      Upon information and belief and as reflected on the docket, there is no indication that Defendant(s) John Doe 1-10 have been served as of the date of this filing.

5.      No other proceedings have taken place in the State Court Action, and all filings on the docket in the State Court Action have been attached hereto as **Exhibits A and B**.

6.      This Notice of Removal is timely pursuant 28 U.S.C. § 1446(b)(1), because it is filed within thirty (30) days of the earliest date on which service of the Summons and Complaint was possibly effected.

7.      Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. §1446(d).

8.      Pursuant to Fed. R. Civ. P. 5(d), Cliffs Plate concurrently files with this Court a Certificate of Service of this Notice of Removal to the Plaintiff.

9.      Concurrent with the filing of this Notice of Removal, Cliffs Plate is filing a Notice of Filing of Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County in accordance with 28 U.S.C. §1446(d).

10.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. §1446(a).

11.     Plaintiff has commenced the subject lawsuit in state court, and the subject lawsuit is pending at a place within the district and division of this Honorable Court.

12.     Cliffs Plate submits this Notice of Removal subject to and without waiving any defenses and rights available to it.

13.     Cliffs Plate submits this Notice of Removal without admitting any of the allegations in Plaintiff's Complaint in the State Court Action.

287197291

## II.   REMOVAL IS PROPER BASED UPON COMPLETE DIVERSITY JURISDICTION

14.   Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side. *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).

15.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship. This lawsuit is a civil action between citizens of different states, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

### A.   The Plaintiff

16.   As alleged in the Complaint, Plaintiff is "an adult individual, citizen, and resident of the Commonwealth of Pennsylvania." *See* **Exhibit A**, Plaintiff's Complaint, at ¶ 1.

### B.   The Removing Defendant

17.   Cliffs Plate is a Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business located in Ohio. All members of Cliffs Plate are organized under the laws of a State other than the Commonwealth of Pennsylvania and have principal places of business in States other than in the Commonwealth of Pennsylvania.

18.   Cliffs Plate is not a citizen of the Commonwealth of Pennsylvania where the State Court Action was filed.

19.   Accordingly, there is complete diversity between Plaintiff and Cliffs Plate.

## III.   AMOUNT IN CONTROVERSY

20.   In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

3

287197291

21. In the State Court Action, Plaintiff claims damages in excess of the jurisdictional limit of $50,000.00. *See* **Exhibit A**, Plaintiff's Complaint, at pp. 5, 7, 8.

22. However, the amount in controversy between the parties is reasonably believed to be in excess of $75,000.00 exclusive of interest and costs, based on the injuries alleged in Plaintiff's Complaint. *See* **Exhibit A**, Plaintiff's Complaint ¶¶ 15-19.

23. Specifically, Plaintiff contends that he suffered "serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of preexisting conditions, including, but not limited to: closed head injury, herniated lumbar intervertebral disc requiring surgery, and any other ills and injuries[.]" *See* **Exhibit A**, Plaintiff's Complaint ¶ 15.

24. Upon information and belief, the average cost of herniated disc surgery and related treatment alone is approximately $40,000 in medical bills.

25. Juries in Pennsylvania have returned verdicts in matters involving herniated discs in amounts in excess of $75,000, including but not necessarily limited to the following:

   a. *Grey v. Godfrey,* 1998 WL 1273006 (Pa. C. C.P. 1998) -- female plaintiff suffered, *inter alia,* a herniated disc after a car accident. Jury found damages in the amount of $160,000,

   b. *O'Toole v. Peter Roberts Enterprises,* 1995 WL 815742 (Pa.Com.Pl. 1995) -- 40s male slip and fall resulting in cervical herniated discs. Jury found damages in amount of $250,000,

   c. *Delvalle v. Wawa*, $188,000.00 verdict in Philadelphia County where Plaintiff suffered, among other injuries, facet syndrome, sprain, herniated disc at L4-5, herniated disc at L5-S1, herniated disc at T3-4 neck, and herniated disc at C5-6 after Plaintiff was caused to slip and fall in a puddle of water near a cash register while a patron of a grocery store owned and operated by defendant Wawa Inc., and

   d. *Heath v SEPTA*, $200,000 verdict amount where female part-time nurse's aid in her 40s suffered a left sided herniated lumbar disc requiring surgery and permanently causing pain and weakness, after the bus in which she was a passenger was rear-ended by a second bus owned by the defendant transportation authority.

287197291

26. Moreover, Plaintiff alleges that he "has incurred and may in the future incur medical, rehabilitative, and other related expenses," as well as a "a great loss of earnings and/or earning capacity[.]" *See* **Exhibit A**, Plaintiff's Complaint ¶¶ 18-19.

27. Accordingly, it is reasonable and realistic to conclude that the amount in controversy exceeds the jurisdictional minimum amount for removal. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d at 403 ("[E]stimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, "pie-in-the-sky," or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated.").

## IV.     <u>GROUNDS FOR REMOVAL</u>

28. This action is being removed pursuant to 28 U.S.C. § 1441, *et seq*. This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332.

29. This Notice of Removal is timely filed because it is submitted within thirty (30) days of the earliest date Cliffs Plate was first served with, received a copy of, or otherwise received notice of the Summons and Complaint in the State Court Action. *See* 28 U.S.C. § 1446(b).

30. Cliffs Plate has not yet filed any pleading(s) in response to Plaintiff's Complaint with the Prothonotary for the Philadelphia County, Pennsylvania, Court of Common Pleas.

31. Pursuant to 28 U.S.C. § 1441(a), this Court embraces the county in which the State Court Action was filed, and thus, venue is proper in this Court.

32. Because this dispute is among citizens of different states and it is reasonably and good faith believed the amount in controversy exceeds $75,000 exclusive of interest and costs, both the amount in controversy and the diversity of citizenship requirements set forth in 28 U.S.C. § 1332 have been met and jurisdiction is proper in this Court.

287197291

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.


Dated: April 2, 2026

Respectfully submitted,

CLARK HILL PLC

/s/ Robert J. Hannen
Robert J. Hannen (#63432)
301 Grant Street, 14th Floor
One Oxford Centre
Pittsburgh, PA 15219
(412) 394-2322
(412) 394-2555 (fax)
rjhannen@clarkhill.com

Counsel for Defendant Cleveland-Cliffs Plate LLC

6

287197291

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, I sent a copy of the foregoing by U.S. Mail and

electronic mail to the following:

Eli S. Levine, Esq.
Morgan & Morgan, PLLC
One Commerce Square
2005 Market Street, Suite 350
Philadelphia, PA 19103
elevine@forthepeople.com
*Attorneys for Plaintiff*

CLARK HILL PLC

*/s/ Robert J. Hannen*
Robert J. Hannen (#63432)
301 Grant Street, 14th Floor
One Oxford Centre
Pittsburgh, PA 15219
(412) 394-2322
(412) 394-2555 (fax)
rjhannen@clarkhill.com

*Counsel for Defendant Cleveland-Cliffs Plate LLC*